ROCHESTER YACHT CLUB COMPANY, Plaintiff, v. ROCHESTER BOAT WORKS, INC., and Others, Defendants.

Supreme Court, Monroe County, August 11, 1928.

Injunctions — damages — assessment of damages under Civil Practice Act, § 894, arising from temporary injunction which was vacated twelve days later — defendant boat company suffered no damage by reason of delay in moving its plant — only damage is fees and disbursements of attorneys in having injunction vacated — fees and disbursements fixed at $558.10.

In an action to restrain the defendant boat company from erecting a plant on land which the plaintiff claims was restricted, the plaintiff procured a temporary injunction which was vacated twelve days later. In this proceeding under section 894 of the Civil Practice Act to assess damages arising from the temporary injunction, the defendant boat company is not entitled to any damages on the theory that it suffered a loss caused by the delay in moving its plant to the new location, for it appears that it was not then engaged in the construction of boats and did not have any orders which would put its plant in operation until nearly a month and a half after the injunction was vacated. Therefore,

it cannot recover damages for overhead expenses nor may it recover for rent or wages of workmen.

The only damage suffered by the defendants is that represented by counsel fees necessary in vacating the injunction. The fees of counsel cannot be determined upon a *per diem* basis but must be fixed according to the reasonable value of the services rendered. The fees for counsel for the defendant boat company are fixed at $350 and for the other defendant at $200. The damages, therefore, arising out of the temporary injunction are fixe[a] at $550 plus $8.10 for disbursements of counsel.

Motion to confirm referee's report on assessment of damages, under section 894 of the Civil Practice Act, arising from temporary injunction.

*Macomber & Skivington,* for defendant Rochester Boat Works, Inc.

*William J. Gucker* and *Remington, Remington & Keating,* for the defendant Summerville Terraces, Inc., for the motion.

*George V. Fleckenstein* and *Eugene Van Voorhis* opposed.

Rodenbeck, J. This is an application to confirm the report of a referee appointed to assess the damages arising from a temporary injunction which was vacated. The injunction was served at noon Saturday, July 25, 1925, and the decision vacating it was received August 10, 1925, a lapse of twelve days, excluding Sundays and Saturday half holidays. It restrained the defendants from erecting and maintaining a boat works on property claimed to be restricted by covenants in plaintiff's deed, prohibiting the use of the property for commercial purposes. These covenants were held good as against the defendant Summerville Terraces, Inc., the owner of the tract, but not good against the defendant the Rochester Boat Works, Inc., although the deed of the property was recorded.

The temporary injunction, granted when the action was brought, was not upheld on application to continue it during the pendency of the action, and during the interval between the service of the injunction and the decision refusing continuance, the defendants claim to have suffered damages.

These damages are limited, as to injury to the business of the defendant the Rochester Boat Works, Inc., to such as necessarily followed the granting and service of the injunction. The company was about to remove its works to the new site, which plaintiff claimed was restricted to residential purposes, when the injunction was served, and it ceased all operations in that respect until August 10, 1925, when the decision on the application to continue the injunction was received. It now claims a proportionate share, for this period, of its overhead expenses. It is evident that there

were no actual damages and that the company seeks to recover this theoretical loss. The company was held up for twelve days by the injunction but it had no work on hand for the construction of boats, and no orders for any new boats, and received its first order nearly a month and a half after the injunction was vacated. The overhead expenses were such as it would have had to carry in any event, without any operation of its plant, and any loss on that account was not necessarily caused by the injunction. There was an idle plant except for a force prepared to move its plant and make repairs to boats in the water. The men engaged to move the plant could be laid off without any loss to the company and it was required to minimize its damages as much as possible. The company could not expect to keep these men on and charge the expense to the plaintiff. If it were prepared with contracts or work to proceed immediately to construction when the injunction was vacated, a different question might be presented. It did not resume construction work until sometime after the injunction was dissolved. The men engaged in the repair work were not affected by the injunction. The item for damages under this head amounting to $585.92 is disallowed.

The company also claims sixty dollars for rent during the suspension, but it is not liable for this rent, which it has not paid, having been restrained from using the property by the plaintiff, its landlord, and this item should not be allowed.

It also claims $306.90 for the salary of a foreman and superintendent who could and should have been laid off, or continued at the company's expense, and nothing should be allowed under this head.

That leaves no damages recoverable by the boat works for interference with its business traceable to the injunction obtained by the plaintiff. The company by reason of the injunction was merely delayed twelve days, at a time when it was not doing any work affected by the injunction, and had no work in immediate contemplation except moving its plant, and no contracts for work upon which there was any delay, with employees only who could have been laid off during the continuance of the injunction.

The only expense to which the defendants were put was that for attorneys in getting rid of the injunction and securing an assessment of damages. The attorneys have testified to the time necessarily employed in this connection, but the testimony as to time, while not open to contradiction, is not to be used, in estimating damages, by the mathematical process of multiplying the time consumed by the reasonable value of such services per day. The rule of damages is the reasonable value of the services required,

which was not testified to by the defendants witnesses except upon a *per diem* basis. There are some legal services, doubtless, that can be measured on the *per diem* basis, but many that cannot be, and such services must be estimated from the nature of the services. It should not have required the time that the attorneys claim to have put in on this matter, and here, again, it is evident that one attorney might put in many more days on such a matter than another. It is a question of what such services are worth when performed by a reasonably competent attorney. The plaintiff is not to be penalized by unnecessary examinations of authorities or for time put in on the merits of the case itself. The question was the effect of a recorded deed of property owned by the plaintiff, with restrictions, upon a proposed use of other property apparently coming within the restrictions of the deed. Affidavits were prepared and the motion argued and in twelve days the decision was rendered, refusing to continue the injunction on the ground that it anticipated the result of the action. These services were not worth $100 to $150 a day testified to by the defendants' expert on legal services, nor even the amount of $65 a day fixed by the referee. There is nothing unusual, difficult or extraordinary about this case, and no reason for imposing upon the plaintiff unusual legal fees.

The counsel for the defendant boat works is entitled to the sum of $350 with $8.10 for disbursements, and the counsel for the defendant Summerville Terraces to $200. This makes an allowance of $550 for a motion to oppose the continuance of an injunction, in a simple case, by two defendants, with separate counsel, where the issues were substantially the same, which is quite sufficient. The defendant Rochester Boat Works is not entitled to any damages for interference with its business, not having suffered any actual damages. The costs and disbursements of the reference are allowed. As thus modified, the referee's report is confirmed.